IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| AQUANETTA JONES,<br><br>    Plaintiff,<br><br>                v.<br><br>WAL-MART ASSOCIATES, INC., WAL-MART STORES, INC., and WAL-MART, INC.,<br><br>    Defendants. | Civil Action No.<br>1:19-cv-03705-SDG |

**OPINION AND ORDER**

This matter is before the Court on a motion for partial summary judgment filed by Defendants Wal-Mart Associates, Inc.; Wal-Mart Stores, Inc.; and Wal-Mart, Inc. (collectively, Walmart) [ECF 30]. For the following reasons, Walmart's motion is **GRANTED.**

**I.      BACKGROUND**

On July 24, 2017, Jones shopped at Walmart Store No. 3118 located in Decatur, Georgia.[1] As Jones walked through the store, she passed a Walmart

---

[1] ECF 30-2, ¶ 1. The Local Rules of this Court require a nonmovant responding to a motion for summary judgment to "respon[d] to the movant's statement of undisputed material facts . . . [that] shall contain individually numbered, concise, nonargumentative responses corresponding to each of the movant's numbered undisputed material facts." LR 56(B)(2), NDGa. If a nonmovant does not file a proper response or objection to each specific fact, the Court deems the movant's facts to be admitted. *Id.* 56.1(B)(2)(a)(2). This rule applies equally to *pro se* parties. *E.g., Middlebrooks v. Experian Info. Sols., Inc.*, No. 1:18-CV-2720-SCJ-JSA, 2019 WL 8376270, at *4 (N.D. Ga. Dec. 19, 2019). Jones did

associate stocking shelves.² After walking approximately one-to-two feet past the Walmart associate, Jones alleges a cart pushed by that Walmart associate struck her in both calves.³ On August 23, 2017, Jones sought treatment for her alleged injuries at Arrowhead Chiropractic Clinic.⁴ After treating with Arrowhead, Jones began treatment with Dr. Eric Steenlage—an orthopedic surgeon—on October 18, 2017.⁵ Jones visited Dr. Steenlage at least five times between October 18, 2017 and February 7, 2019.⁶ Based on his treatment of Jones, Dr. Steenlage testified that he could not relate Jones's complaints of lower leg and lower back pain to the shopping cart collision.⁷

---

not file a response to Walmart's statement of material facts or file her own. Thus, the Court deems Walmart's material facts admitted. However, the Court must still "review the movant's citations to the record to determine if there is, indeed, no genuine issue of material fact." *Mann v. Taser Int'l, Inc.*, 588 F.3d 1291, 1303 (11th Cir. 2009).

² ECF 30-2, ¶ 3.
³ *Id.* ¶ 4.
⁴ *Id.* ¶ 7.
⁵ *Id.* ¶¶ 10, 12.
⁶ *Id.* ¶¶ 12–21.
⁷ *Id.* ¶¶ 23–25.

Jones—proceeding *pro se*—initiated this action in the State Court of DeKalb County and filed an Amended Complaint on July 24, 2019.[8] Jones asserts one claim for negligence against Walmart.[9] Walmart removed the action to this Court on August 16, 2019.[10] On August 31, 2020, Walmart filed the instant motion for partial summary judgment.[11] Walmart seeks the dismissal of Jones's claim premised on her alleged lower back and lower left leg pain and treatment after October 18, 2017, as well as the entirety of Jones's claim premised on right ankle pain and treatment.[12] On September 18, 2020, Jones filed a response in opposition to

---

[8]   ECF 1-1.

[9]   *Id*.

[10]  ECF 1.

[11]  ECF 30.

[12]  *Id*. Walmart's motion inconsistently articulates the relief it seeks. *Compare id*. at 12 ("[Walmart] should be granted summary judgment on all claims and damages of Plaintiff relating to her lower left leg and lower back on and after ***October 17, 2017*** and all claims and damages of Plaintiff relating to her lower right leg."), *with id*. at 8 ("[Walmart] should be granted summary judgment on [Jones's] claims or [sic] lower left leg pain on and after ***October 18, 2017***, and [Jones's] claims for lower back ***and*** right ankle pain.") (emphasis added). Reading the entirety of Walmart's motion, the Court believes it seeks to cut off Jones's damages regarding her back and left leg at October 18, 2017—the date she first visited Dr. Steenlage—and Jones's ability to seek damages for her right leg entirely.

Walmart's motion.[13] Walmart filed its reply on October 2, 2020.[14]

## II.    LEGAL STANDARD

Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party seeking summary judgment has the initial burden of informing the district court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If a movant meets its burden, the non-movant must present evidence showing either (1) a genuine issue of material fact or (2) that the movant is not entitled to judgment as a matter of law. *Id.* at 324. A fact is considered "material" only if it may "affect the outcome of the suit under the governing law." *BBX Cap. v. Fed. Deposit Ins. Corp.*, 956 F.3d 1304, 1314 (11th Cir. 2020) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). A factual dispute is "genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* at 1314 (citing *Anderson*, 477 U.S. at 248) (punctuation omitted).

---

13   ECF 35.

14   ECF 37.

In opposing a motion for summary judgment, the non-movant "may not rest upon the mere allegations or denials of his pleading, but must set forth specific facts showing that there is a genuine issue for trial." *Sears v. Roberts*, 922 F.3d 1199, 1207 (11th Cir. 2019). If the non-movant relies on evidence that is "merely colorable, or is not significantly probative, summary judgment may be granted." *Likes v. DHL Express (USA), Inc.*, 787 F.3d 1096, 1098 (11th Cir. 2015). *See also Scott v. Harris*, 550 U.S. 372, 380 (2007) (holding the party opposing summary judgment "must do more than simply show that there is some metaphysical doubt as to the material facts. . . . Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial."); *Anderson*, 477 U.S. at 247–48 ("[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment."); *Ellis v. England*, 432 F.3d 1321, 1326 (11th Cir. 2005) ("[M]ere conclusions and unsupported factual allegations are legally insufficient to defeat a summary judgment motion."). However, the Court's role is not to "weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Sears*, 922 F.3d at 1205 (citing *Anderson*, 477 U.S. at 249). The Court must view the evidence in a "light most favorable to the party opposing summary judgment" and "draw[ ] all justifiable inferences in

the opposing party's favor." *Rogers v. Mentor Corp.*, 682 F. App'x 701, 708 (11th Cir. 2017). *See also Strickland v. Norfolk S. Ry. Co.*, 692 F.3d 1151, 1154 (11th Cir. 2012) ("Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge.") (quoting *Anderson*, 477 U.S. at 255).

### III. DISCUSSION

#### A. *Pro Se* Parties

The Court recognizes that Jones is appearing *pro se*. Thus, the Court must "liberally construe[ ]" documents filed by Jones, holding them "to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citations omitted) (internal quotation marks omitted). *See also Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). But even a *pro se* plaintiff must comply with the threshold requirements of the Federal Rules of Civil Procedure. *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1998) (holding that "once a *pro se* [ ] litigant is in court, [s]he is subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure"). The leniency the Court must apply does not mean the normal summary judgment standard is discarded; nor can the Court accept factual averments completely unsupported by the record. *E.g., Nawab v. Unifund CCR Partners*, 553 F. App'x 856, 860 (11th Cir.

2013) ("Although a *pro se* complaint is entitled to a less strict interpretation, a *pro se* plaintiff is not excused from meeting the essential burden of establishing that there is a genuine issue as to a fact material to his case. When a nonmoving party's response consists of nothing more than conclusory allegations, summary judgment is not only proper but required.") (citation and punctuation omitted); *Nalls v. Coleman Low Fed. Inst.*, 307 F. App'x 296, 298 (11th Cir. 2009) ("[A] *pro se* litigant does not escape the essential burden under summary judgment standards of establishing that there is a genuine issue as to a fact material to his case in order to avert summary judgment.").

### B.   Analysis

Jones asserts a sole claim for negligence against Walmart and seeks damages for her alleged injuries. A negligence claim contains four essential elements: "[A] duty, a breach of that duty, causation, and damages." *Collins v. Athens Orthopedic Clinic, P.A.*, 307 Ga. 555, 557 (2019). For simple negligence cases, the general rule is that a plaintiff "need not produce expert evidence on causation." *Cowart v. Widener*, 287 Ga. 622, 626 (2010). For example, a jury may "infer a causal connection between an accident and a plaintiff's injuries based on the sequence of events." *Cooper v. Marten Transp., Ltd.*, 539 F. App'x 963, 968 (11th Cir. 2013) (collecting cases).

There are important exceptions to this rule; "even in simple negligence cases, plaintiffs must come forward with expert evidence to survive a defense motion for summary judgment, where 'medical questions' relating to causation are involved." *Cowart*, 287 Ga. at 627. In *Cowart*, the Georgia Supreme Court clarified that "most 'medical questions' relating to causation are perfectly capable of resolution by ordinary people using their common knowledge and experience, without the need for expert testimony." *Id*. For example, "where the symptoms complained of emerge immediately or soon after the event alleged to have caused them, and it is common knowledge that such an event is one that could cause that kind of injury, a reasonable jury could draw conclusions about proximate cause." *Bruce v. Classic Carrier, Inc.*, No. 1:11-cv-01472-JEC, 2014 WL 1230231, at *7 (N.D. Ga. Mar. 24, 2014). *See Hutcheson v. Daniels*, 224 Ga. App. 560, 561 (1997) ("[A] lay jury could conclude from common knowledge that a causal connection existed in light of the short lapse between [the plaintiff's] accident and his onset of symptoms and receipt of medical treatment."). *See also, e.g.*, *Baulding v. United States*, No. 4:13-cv-129-HLM, 2014 WL 12497023, at *6 (N.D. Ga. Sept. 5, 2014) ("[A] lay jury could determine without expert testimony that tripping and falling can cause a knee injury."); *Cowart*, 287 Ga. at 628 (providing the following examples of situations in which lay people with ordinary knowledge could

determine causation without expert testimony; "[t]hat a stab wound penetrating entirely through the heart causes death"; "[w]hether a blow to the head could cause death"; and "whether an automobile collision caused a backache later the same day") (collecting cases).

Expert evidence is only necessary "where the issue of causation presents 'specialized medical questions,' *i.e.*, where the link between a defendant's actions and the plaintiff's injury is beyond common knowledge and experience and presents medical questions that can be answered accurately only by witnesses with specialized expert knowledge." *Cooper*, 539 F. App'x at 967–68 (citing *Cowart*, 287 Ga. at 628). For instance, "[a] causal connection, requiring expert medical testimony, must be established where the potential continuance of a disease is at issue." *Jordan v. Smoot*, 191 Ga. App. 74, 74 (1989). *See also Bruce*, 2014 WL 1230231, at *6 ("[T]hus, if there is evidence that the complained-of injury is a preexisting condition, the plaintiff must produce medical testimony explaining why the tortious event aggravated the prior condition to survive a motion for summary judgment."). Put another way, "expert evidence is not required in the mine run of simple negligence cases, but it is required in some negligence cases." *Cowart*, 287 Ga. at 629.

Jones alleges injuries to her lower left and right legs, as well as her lower back, from the impact of the shopping cart. Jones has not supplied expert testimony to establish the cause of her injuries. Instead, Jones relies on her own testimony and the temporal sequence of events after the cart struck her legs. Walmart requests partial summary judgment on these alleged injuries.

Starting with Jones's allegations of lower right leg pain, Walmart argues expert testimony is necessary because there is no evidence Jones complained of an injury or pain until February 2018. Although expert testimony is not required when a plaintiff's symptoms "emerge immediately or soon after the event alleged"— *Bruce*, 2014 WL 1230231, at *7—this case is distinguishable because Jones did not report her alleged right leg injuries for seven months. *See also Pierzchala v. Olds*, No. 1:15-cv-260-MHC, 2017 WL 3498706, at *8 (N.D. Ga. Feb. 24, 2017) ("[C]ases have held . . . that expert testimony was not required after a discrete event *immediately preceded* the alleged injury.") (emphasis added). This significant time lapse raises a specialized medical question because "the link between a defendant's actions and the plaintiff's injury is beyond common knowledge and experience" and "can be answered accurately only by witnesses with specialized expert knowledge." *Cooper*, 539 F. App'x at 967–68 (citing *Cowart*, 287 Ga. at 628). *See also Patterson v. United States*, No. CV 116-193, 2018 WL 3863528,

at *3 (S.D. Ga. July 2, 2018) (finding expert testimony not needed to establish causation because "there is no significant lapse of time between the injury sustained and the onset of the physical condition for which the injured party seeks compensation"). Since Jones presents no expert testimony, she may not seek to recover damages for her alleged lower right leg injuries.

Next, Walmart argues Jones must provide expert testimony to establish the cause of her alleged lower back injuries on or after October 18, 2017 because (1) the shopping cart did not strike Jones's back; (2) Jones did not complain of lower back pain for 30 days—until a chiropractic appointment; and (3) Jones did not report her lower back injuries to Dr. Steenlage until seven months after the collision. The undisputed evidence shows the shopping cart struck the back of Jones's legs. It did not strike any portion of her back. The impact did not jar or move Jones's body in any way or knock her down. Jones additionally did not raise an issue of back pain for 30 days or seek medical treatment for seven months. Put another way, the collision alone is not enough; expert medical testimony is necessary to explain how the collision caused Jones's alleged back injuries on or after October 18, 2017, when she first visited Dr. Steenlage. *See Calhoun v. Wal-Mart Stores E., LP*, No. 1:14-cv-2581-CC, 2017 WL 9362708, at *5 (N.D. Ga. July 24, 2017) ("The undisputed facts . . . inform that Plaintiff was bumped only slightly from behind by the shopping

carts. Plaintiff did not fall down, and there was no impact to her wrist, neck, or head. Given these facts, the existence of a causal link between the shopping cart incident and the alleged injuries to Plaintiff's wrist, neck, and brain cannot be determined from common knowledge and experience and instead requires the assistance of experts with specialized medical knowledge.").

Finally, Walmart asserts expert testimony is needed to establish that the shopping cart collision caused Jones's alleged lower left leg injuries on or after October 18, 2017. Walmart contends expert testimony is needed because (1) Jones did not seek treatment for her alleged left leg injuries for 30 days; (2) Jones did not suffer a physical manifestation of any injury to her left leg; and (3) Dr. Steenlage could not relate her alleged left leg injuries to the incident. To reiterate, Jones need not present expert testimony to show the shopping cart immediately caused her to experience pain in her lower left leg. However, expert testimony is needed to establish the cause of alleged injuries arising three months later, particularly after her physician declined to relate her injuries to the event. Put another way, this is a "specialized medical question" because expert testimony is needed to establish the "causal link" between the shopping cart collision and Jones's alleged left leg injuries on or after October 18, 2017. *See Cowart*, 287 Ga. at 622.

## IV.  CONCLUSION

Walmart's motion for partial summary judgment [ECF 35] is **GRANTED**. Jones may only pursue her negligence claim against Walmart for her alleged injuries that occurred between July 24, 2017 and October 17, 2017. The Court intends to refer this case to mediation before a United States Magistrate Judge through a separate order. If mediation is unsuccessful, the parties are directed to file a joint proposed pretrial order in accordance with the Local Rules and Standing Order of this Court within 30 days of the date of mediation.

**SO ORDERED** this the 25th day of January 2021.

Steven D. Grimberg
United States District Court Judge